UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STEFFON GRAVES (#2200000328) | CIVIL ACTION |
| VERSUS | |
| KEVIN WILLIAMS, ET AL. | 23-1685-SDD-RLB |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2024.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEFFON GRAVES (#2200000328)                              CIVIL ACTION

VERSUS
                                                          23-1685-SDD-RLB
KEVIN WILLIAMS, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Deputy Kevin Williams, Warden Grimes, and Sheriff Sid Gautreaux complaining that his constitutional rights were violated while housed in lockdown. The plaintiff requests injunctive relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Plaintiff's Allegations**

The plaintiff alleges in his Complaint, as amended, that he was in lockdown from 2/27/23 until 3/24/23. During that time defendant Williams only allowed the plaintiff to shower once and did not provide fresh garments or a towel. Defendant Williams also did not give the plaintiff hall time or allow him to use the phone. There were large amounts of contraband present of which defendant Williams was aware.

**Fourteenth Amendment**

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment whereas, upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment. The Due Process Clause protects the detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish,* 441 U.S. 520, 535–36.

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a

complaint about one or more episodic acts or omissions. *Hare v. City of Corinth,* 74 F.3d 633, 643 (5th Cir. 1996). A conditions-of-confinement case is a constitutional attack on the "general conditions, practices, rules, or restrictions of pretrial confinement." *Id.* In such case, the harm is caused by the condition or policy itself, and this is true, for example, where inadequate medical care, *as a whole,* results in intolerable conditions of confinement. *Cf., Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997). In contrast to the foregoing, if a pretrial detainee is complaining of one or more particular acts or omissions by prison officials, the claim is characterized as an "episodic act or omission" case. *Id.* An episodic case is presented when the decision of an independent actor, such as a doctor or nurse, is interposed between the detainee and the policy or practice of the local governmental entity that permitted the harm. *Hare v. City of Corinth, supra,* 74 F.3d at 643.

### Episodic Act or Omission

In the Court's view, the plaintiff's claims regarding lack of showers and the presence of contraband should be analyzed under the standard which is applicable to episodic claims as the plaintiff asserts these claims arose as the result of the acts or omissions of defendant Williams. In an episodic act or omission case, the detainee must establish that the official had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is notably the same standard that is applicable in the Eighth Amendment context. *Id.* at 643–44. In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Specifically, prison officials must be shown to have been personally aware of facts from which

an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id*.

### *Defendants Grimes and Gautreaux*

To the extent the plaintiff brings these claims against defendants Grimes and Gautreaux, the plaintiff has failed to allege personal involvement on behalf of either of these defendants. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). As such, the plaintiff has failed to state a claim against defendants Grimes and Gautreaux with regards to these claims.

### *Defendant Williams*
### *Failure to Provide Showers*

With regards to defendant Williams, the plaintiff has failed to allege a constitutional violation. Plaintiff alleges that defendant Williams only allowed him to shower once while housed on lockdown and did not give the plaintiff clean garments or a towel. Courts have generally found that allegations of temporarily inadequate showers and proper cleaning do not

amount to a constitutional deprivation. *See* , 2016 WL 11473812, at *7 (S.D. Tex. Feb. 11, 2016) ("The Eighth Amendment does not require that inmates receive frequent showers."); *see also Ayala-rosario v. Westchester Cnty.*, 2020 WL 3618190, at *8 (S.D.N.Y. July 2, 2020) (finding the plaintiff cannot sustain a Fourteenth Amendment claim based on his allegations that he could not properly shower as a result of his housing); *Veteto v. Miller*, 829 F. Supp. 1486, 1496 (M.D. Pa. 1992) (holding that deprivation of showers during 60 day period of placement in administrative detention did not violate the Eighth Amendment); *Santana v. City of New York*, 2018 WL 1633563, at *7 (S.D.N.Y. Mar. 29, 2018) ("Denial of shower access for up to two weeks has been held not to be a violation of the Eighth Amendment." (citation omitted)); *Banks v. Argo*, 2012 WL 4471585, at *4, at *10 (S.D.N.Y. Sept. 25, 2012) ("[E]ven assuming prison officials denied Plaintiff shower access for the entire time alleged in his complaint—thirteen days—his claim still fails as a matter of law."); *Devon v. Warden SCI-Mahanoy*, 2008 WL 3890161, 4 (M.D. Pa. Aug. 19, 2008) (holding that thirteen days without shower, shave or recreation did not violate the Eighth Amendment); *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("[A] two-week suspension of shower privileges does not suffice as a denial of 'basic hygienic needs.' "); *Briggs v. Heidlebaugh*, 1997 WL 318081 *3 (E.D. Pa. May 22, 1997) (holding that suspension of shower privileges for two weeks did not violate the Eighth Amendment); and *DiFilippo v. Vaughn*, 1996 WL 355336 at *5 (E.D. Pa. June 24, 1996) (holding that the Eighth Amendment does not require that prisoners be afforded frequent or comfortable showers). Compare *Bradley v. Puckett,* 157 F.3d 1022, 1025 (1998) (disabled inmate stated a claim where he was denied access to showers for months and was forced to clean himself with toilet water).

*Contraband*

Plaintiff alleges that defendant Williams was aware of the presence of contraband and failed to act. Plaintiff has not alleged that he suffered a substantial risk of harm due to the presence of the contraband. Compare *Williams v. Edwards*, 547 F.2d 1206 (5th Cir. 1997), wherein the Fifth Circuit Court of Appeals concluded that the following conditions at LSP violated the Constitution: insufficient cell space resulting in an inability to segregate dangerous prisoners; 270 stabbings; 20 deaths; easy inmate access to weapons; lack of security personnel to confiscate weapons; fire and safety hazards; sanitations problems, including accumulation of sewage under the main kitchen and a serious rodent problem; lack of medical staff resulting in inmates administering treatments; unsanitary conditions; substandard equipment; and an untrained unlicensed pharmacist.

Plaintiff's general allegation that defendant Williams had knowledge of contraband does not show that he faced substantial risk of harm to which defendant Williams was deliberately indifferent. As such, plaintiff has failed to state a claim in this regard.

**Conditions of Confinement**

In the Court's view, the plaintiff's claims regarding the lack of telephone use and hall time should be analyzed under the conditions of confinement standard. As explained more fully below, the plaintiff has failed to state a claim against any defendant with regards to these claims.

The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). However, a constitutional violation occurs only when two requirements are met. First, there is the objective

requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

*Telephone Use*

The plaintiff asserts that he was not allowed to use the phone while housed in lockdown. District courts have stated that detainees have a limited right to telephone access, but jailers may impose rational limitations within their broad discretion to administer the conditions of confinement. *DeGrate v. Toney*, 2009 WL 1309728, *6 (W.D. La. 2009); *Hogan v. Terrebonne Parish Criminal Justice Complex*, 2015 WL 4716044, *4 (E.D. La. 2015).

The documents attached to the plaintiff's Complaint show that he was housed in lockdown and was also subject to phone restriction during that time. *See* R. Doc. 4, p. 6-7. Plaintiff's allegations about the restrictions placed on his telephone privileges while in lockdown do not state a constitutional violation. *See Palmisano v. Bureau of Prisons*, 258 F. App'x. 646, 648 (5th Cir. 2007) (Restrictions or loss of an inmate's telephone or visitation privileges "provide no basis for a claim of the denial of constitutional rights.").

*Lack of Hall Time*

The plaintiff's allegation that he was not allowed hall time while house on lockdown likewise do not show a deprivation of a minimal civilized measure of life's necessities or deliberate indifference. The plaintiff does not allege any threat to his health or safety due to the

lack of hall time. *See Haralson v. Campuzano,* 356 F. App'x 692, 697 (5th Cir.2009) (inmate who was denied out-of-cell exercise for seven months while in the prison infirmary failed to raise a genuine issue of material fact as to whether he suffered a serious injury sufficient to constitute an Eighth Amendment violation); *Hernandez v. Velasquez,* 522 F.3d 556, 561 (5th Cir.2008) (Assuming the evidence created a fact issue whether plaintiff suffered from muscle atrophy, stiffness, loss of range of motion, and depression as a result of lack of out-of-cell exercise for 13 months, "there is nonetheless no indication these conditions posed a substantial risk of serious harm. The district court properly concluded there was no genuine issue as to whether Hernandez suffered a 'serious illness or injury' sufficient to constitute an Eighth Amendment violation."); *Doolittle v. Holmes,* 2010 WL 22552, *6 (M.D. La. 2010) ("[A]lthough the plaintiff alleged in his Complaint that he suffered muscle atrophy as a result of his confinement for 2 1/2 months without exercise, there is no evidence to support this conclusory assertion. The plaintiff has provided nothing to support his claim of muscle atrophy or to show its extent or duration," and his medical records revealed no complaints about muscle atrophy during the relevant time period.). As such, the plaintiff has failed to state a claim in this regard.

## Supplemental Jurisdiction

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case,

having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on June 10, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."